Tyler J. Woods, Bar No. 232464
twoods@trialnewport.com
NEWPORT TRIAL GROUP
4100 Newport Place, Suite 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

*Attorneys for Plaintiff Shipping and Transit, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIPPING AND TRANSIT LLC, a Florida Limited Liability Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GILMORE & CO., INC. dba VETDEPOT, a California Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 2:15-cv-9539<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed: N/A<br>Trial Date: N/A |

NEWPORT TRIAL
GROUP

# COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint, Plaintiff Shipping and Transit, LLC ("Plaintiff"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Plaintiff is a company organized and existing under the laws of Florida and having an address at 711 SW 24th, Boynton Beach, Florida 33435.

2. On information and belief, defendant Gilmore & Co., Inc. dba VetDepot ("Defendant") is a corporation existing under the laws of California.

3. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## JURISDICTION AND VENUE

4. This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

7. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this forum.

///

///

**NEWPORT TRIAL GROUP**

## THE PATENT-IN-SUIT

8. On July 15, 2008, United States Patent No. 7,400,970 ("the '970 Patent"), entitled, "System and method for an advance notification system for monitoring and reporting proximity of a vehicle" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '970 Patent is attached as Exhibit A to this complaint.

9. Plaintiff is the assignee and owner of the right, title and interest in and to the '970 Patent including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,400,970

10. Plaintiff repeats and realleges the allegations of paragraphs 1 through 9 as if fully set forth herein.

11. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe the '970 Patent by making, using, offering for sale and/or selling within this district and elsewhere in the United States a computer based notification system that enables communication with a user that is designed to receive delivery of a package and provides a means for requesting entry by user of a package identification number.

12. Specifically, Defendant's ship notice/manifest, sometimes referred to as the Advanced Shipment Notice (ASN), or the 856 EDI document, is generated when a user at a computer system elects to purchase an item via Defendant's website and enters an email address as part of the purchase process. Defendant explains by purchasing they will be provided "order confirmation" and more importantly "shipment confirmation" by selecting to purchase from their website. When a user selects a method of shipping when purchasing an item from Defendant's website, a user necessarily is required to elect a shipping method that allows tracking. Once this election is made, and as the order is processed, shipment confirmations are sent based on a tracking input when the package starts its route (likely pick-up, placed on conveyer

belt and/or scanned out to loading dock/out of warehouse, etc.) to its destination (delivery address). As expressly stated on Defendant's Customer Service web page copied below, "You will receive an order confirmation at the time your order is placed and one or more shipping confirmation emails with tracking information as your order is shipped."



13. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's infringement of the '970 Patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

NEWPORT TRIAL GROUP

COMPLAINT FOR PATENT INFRINGEMENT

14. Prior to the filing of this Complaint, Plaintiff, by letter dated November 2, 2015, informed Defendant of Defendant's infringement of the '970 Patent.

15. Thus, Defendant has been on notice of the '970 Patent since at least the date it received Plaintiff's letter dated November 2, 2015.

16. Upon information and belief, Defendant has not altered its infringing conduct after receiving Plaintiff's letter dated November 2, 2015.

17. Upon information and belief, Defendant's continued infringement despite its knowledge of the '970 Patent and the accusations of infringement has been objectively reckless and willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendant has infringed the '970 patent;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '970 patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

D. To the extent Defendant's conduct subsequent to the date of its notice of the '970 patent is found to be objectively reckless, enhanced damages pursuant to 35 U.S.C. § 284 for its willful infringement of the '970 patent; and

/ / /

/ / /

/ / /

/ / /

/ / /

E. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Respectfully submitted this 10th day of December, 2015

                              NEWPORT TRIAL GROUP

By: */s/ Tyler J. Woods*
      Tyler J. Woods
      Attorney for Plaintiff
      Shipping and Transit, LLC

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted this 10th day of December, 2015

                          NEWPORT TRIAL GROUP

                          By: */s/ Tyler J. Woods*
                                Tyler J. Woods
                                Attorney for Plaintiff
                                Shipping and Transit, LLC